UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA WINSLOW,

        Plaintiff,

                                      File No.  1:07-CV-65

v.

                                      HON. ROBERT HOLMES BELL

KALAMAZOO PUBLIC SCHOOLS, et al.,

        Defendants.
                                            /

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for a default judgment and Defendants' motion to set aside the entry of default.  Plaintiff, Gloria Winslow, filed this lawsuit on January 22, 2007.  Defendants, Kalamazoo Public Schools and Mary Weber, were both served on April 10, 2007.  Defendants did not file an answer and on May 15, 2007, Plaintiff moved for the entry of default.  On May 16, 2007, the Clerk's Office entered default against both Defendants.  After the defaults were entered, Plaintiff filed a motion for default judgment.  (Pl.'s Mot. for Default J., Docket #12.)  On May 22, 2007, Defendants filed a motion to set aside the defaults entered on May 16, 2007.  (Defs.' Mot. to Set Aside, Docket #17.)

I.

Plaintiff is a teacher in the Kalamazoo Public Schools.  Defendant Mary Weber is the Assistant Superintendent of Human Resources at Kalamazoo Public Schools.  Plaintiff

alleges claims under the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA") and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA").

## II.

The Court may set aside an entry of default for "good cause shown." FED. R. CIV. P. 55(c). The Court "'enjoys considerable latitude under the "good cause shown" standard of Rule 55(c) to grant a defendant relief from a default entry.'" *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (quoting *United States v. Real Prop. & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999)). "The criteria used to determine whether 'good cause' has been shown for purposes of granting a motion under Rule 55(c) are whether '(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *O.J. Distrib.*, 340 F.3d at 353 (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)).

### A. Willfulness of the Defendants' Default

To determine whether Defendants' default was willful, the Court must consider whether the default was the result of Defendants' culpable conduct. *Union Coin Meter*, 705 F.2d at 845-46. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d

190, 194 (6th Cir. 1986). "Where the party in default satisfies the [last] two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Id.* at 195.

Defendants allege that the complaints and summonses for both Defendants were received by Terri Aman, Executive Supervisor of Transportation and Operations at Kalamazoo Public Schools. (Aman Aff., Docket #20, at ¶5.) Defendants further allege that the summonses and complaints were forwarded to Crawford Craft of Arthur J. Gallagher. (*Id.* at ¶6.) Arthur J. Gallagher is the company that administers Kalamazoo Public Schools' insurance coverage. (*Id.*) Mr. Aman avers that Mr. Craft told him that the summonses and complaints would be forwarded to Kalamazoo Public Schools' insurance carrier, AIG. (*Id.* at ¶7.) Prior to the entry of default Mr. Aman did not hear from AIG and no pleadings were filed on behalf of Defendants. The Court finds that the failure to timely file an answer was not willful, rather, the failure to file an answer was the result of mis-communication among Kalamazoo Public Schools, Arthur J. Gallagher and AIG.

**B. Prejudice to Plaintiff from Setting Aside the Default**

"Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55." *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006) (citing *United Coin Meter*, 705 F.2d at 845). To establish prejudice, Plaintiff "would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery

difficulties." *Id.* (citing *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Plaintiff has not identified any prejudice from setting aside the default beyond the expenses that Plaintiff incurred in relation to the motion for entry of default, the motion for default judgment, and the motion to set aside the default judgment.

### C. Meritoriousness of Defendants' Defenses

"A defense is meritorious if 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Burrell*, 434 F.3d at 834 (quoting *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)). "If a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Id.* (quoting *Williams*, 346 F.3d at 614). Defendants assert that they have several meritorious defenses.

Defendant Mary Weber contends that she has a meritorious defense because the only reference to her in the complaint is the allegation that she is employed as a human resources professional by Kalamazoo Public Schools. Defendant Weber also asserts that she has a meritorious defense because neither the ADA, nor the FMLA, provide for individual liability. *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) (ADA); *Mitchell v. Chapman*, 343 F.3d 811, 832-33 (6th Cir. 2003) (holding that the FMLA does not impose individual liability on public agency employees). Defendant Kalamazoo Public Schools contends that it has a meritorious defense in the form of a legitimate, non-discriminatory reason for its decision. (Weber Aff., Docket #21.) Plaintiff does not contend that these defenses are not "meritorious" for the purposes of Rule 55(c).

Therefore, the Court finds: that the default was not willful, that setting aside the default would not prejudice Plaintiff, and that Defendants have alleged meritorious defenses. The Defendants having shown "good cause," the Court sets aside the defaults entered on May 16, 2007, subject to the conditions set forth below.

### D.  Plaintiff's Attorney Fees

"[A] district court has authority to condition the setting aside of a default upon payment of attorneys' fees and costs under FED. R. CIV. P. 55(c)." *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988); *accord* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2700 (3d ed. 2007).  Plaintiff incurred the expenses associated with the default because Defendants had insufficiently coordinated with their insurance carrier.  Though Defendants are otherwise entitled to have the defaults set aside, Plaintiff should not be forced to bear the expenses that accrued from Defendants' failure to have an established process for handling the response to a lawsuit.  The Court's grant of the motion to set aside the defaults is conditioned upon Defendants payment of the attorney fees Plaintiff incurred in relation to: the motion for entry of default, the motion for default judgment, and motion to set aside the default.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff **SHALL** file an affidavit setting forth the attorney fees incurred in relation to:  the motion for entry of default, the motion for default

5

judgment, and the motion to set aside the default. The affidavit **SHALL** include an itemization of the time spent and Plaintiff counsel's hourly rate. Plaintiff **SHALL** file this affidavit by **June 18, 2007.**

**IT IS FURTHER ORDERED** that upon Plaintiff's filing of the affidavit regarding attorney fees, the Court will issue an order setting forth the reasonable amount of attorney fees Defendants **SHALL** pay Plaintiff. Upon payment of the amount of attorney fees set by the Court, Defendant **SHALL** file a notice of such with the Court. Upon the filing of such a notice, the Court **SHALL** grant Defendants' motion to set aside the defaults entered on May 16, 2007, and schedule this matter for a Rule 16 conference.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (Docket #12) is **DENIED**.

Date:     June 11, 2007            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE